UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

**Sesderma, S.L.,**
a limited liability company,

    Plaintiff,

vs.

**Mediderm Laboratories, LLC**.,
a limited liability company, and
**Lina Twaian**, individually

    Defendants.
_____/

## COMPLAINT

Plaintiff Sesderma, S.L. (hereinafter "Plaintiff"), sues Mediderm Laboratories, LLC. (hereinafter "Defendant Mediderm") and Lina Twaian (hereinafter "Defendant Twaian" or collectively as "Defendants"), and makes the following allegations:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a limited liability company of Spain, with its principal place of business at Masamagrell nº 3. Pol. Ind. Rafelbunyol, Valencia 46138, Spain.

2. Defendant Mediderm is a limited liability company organized under the laws of California having a business address at 15350 Texaco Ave., Paramount, California 90723 and does business in the Southern District of Florida.

3. Defendant Twaian is a moving, conscious, and active force behind Defendant Mediderm. Based on corporate records in the California Division of Corporations,

Defendant Twaian is the sole member of Defendant Mediderm. Defendant Twaian also signed the declaration of use in the U.S. trademark application for MEDIDERM.

4. This is an action for false description and representations, false designations of origin under the Lanham Act, Title 15, United States Code, Section 1125(a), cancellation under section 37 of the Lanham Act, Title 15, United States Code, Section 1119, and the ancillary state causes of action of common law trademark infringement, unfair competition, and unjust enrichment.

5. Jurisdiction of this Court arises under 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1338, and under the doctrine of pendent jurisdiction over state claims arising from a common nucleus of operative facts.

6. In the alternative, jurisdiction of this Court arises under 28 USC Section 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the case is between citizens of different states.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) and §1400(b) because Defendants do business in this District, and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

8. Plaintiff has used, and continues to use, in commerce in the United States the marks MEDIDERMA and MEDI+DERMA for cosmetic products and retail services related to cosmetic products since at least as early as 1997.  See Exhibit 1, corresponding to representative samples of sales invoices bearing Plaintiff's marks.

9. Plaintiff has been continuously offering its services and selling its products, using Plaintiff's marks, through advertising and promotional activities thus creating valuable

goodwill for Plaintiff's marks. See Exhibit 2, corresponding to samples of articles and promotional material depicting Plaintiff's marks.

10. Defendant Mediderm has used in commerce in the United States the mark MEDIDERM for cosmetic products.

11. Defendants have advertised, or cause to advertise, cosmetic products using the confusingly similar designation "MEDIDERM" in the internet, printed media and with other promotional materials.

12. On April 21, 2012, Defendant Mediderm filed an application to register the mark MEDIDERM for cosmetics in international class 003 in the United States Patent and Trademark Office, which matured as registration No. 4,257,206.

13. Plaintiff has been, and will continue to be, damaged by the acts of Defendants.

14. Moreover, the goodwill of Plaintiff has been damaged and will continue to be irreparably damaged unless enjoined.

15. There is no adequate remedy at law for this irreparable harm unless an injunction is issued.

### COUNT I
### VIOLATION OF SECTION 43a OF THE LANHAM ACT (15 U.S.C. 1125a)

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

16. The above referenced acts constitute misrepresentations under Section 43a of the Lanham Act 15 USC 1125, that are likely to cause confusion as to the source of the cosmetics goods sold by Defendants bearing the infringing designation MEDIDERM and/or sponsorship of its services as if originating from the Plaintiff based on Plaintiff's prior rights over the MEDIDERMA mark.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF SECTION 43a OF THE LANHAM ACT (15 U.S.C. 1125a)

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

17. The above referenced acts constitute misrepresentations under Section 43a of the Lanham Act 15 USC 1125, that are likely to cause confusion as to the source of the cosmetics goods sold by Defendants bearing the infringing designation MEDIDERM and/or sponsor of its goods as if originating from the Plaintiff based on Plaintiff's prior rights over the MEDI+DERMA mark.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 34 and 35 of the Lanham Act (15 USC 1116 and 1117) including preliminary and permanent injunctive relief, compensatory damages, treble damages, attorney's fees, costs, and any other relief the Court deems just and proper.

## COUNT III
## CANCELLATION UNDER SECTION 37 OF THE LANHAM ACT (15 U.S.C. 1119)

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

18. This Count is for cancellation of Defendant Mediderm's federal registration No. 4,257,206 for the mark MEDIDERM under 15 U.S.C. 1119 and 15 USC 1052(d) based on Plaintiff's prior common law rights over the confusingly similar marks MEDIDERMA and/or MEDI+DERMA, for substantially the same or related goods and services.

19. Plaintiff has used in commerce the mark MEDIDERMA with and in the United States for cosmetic products and retail services related to cosmetic products from a date prior to April 21, 2012, the filing of the application for Defendant's registration No. 4,257,206, and prior to Defendants' adoption of the mark MEDIDERM.  Plaintiff acquired common law rights in the vast areas where Plaintiff had sales prior to Defendant Mediderm's application filing date.

20. Defendant Mediderm's mark MEDIDERM, when used for cosmetics products, or services relating to these products, is likely to cause confusion or mistake in the market and with relevant purchasers with Plaintiff's mark MEDIDERMA for similar cosmetic products and retail services related to cosmetic products.

21. Upon information and belief, Defendants have knowingly made false, material representations of fact with intent to deceive the United States Patent and Trademark Office in connection with the procurement of registration No. 4,257,206.  Defendants' false representations relating to use of the mark MEDIDERM in commerce with the goods listed therein when such use had not in fact taken place on or prior to the filing date of the application for all the goods listed in said registration.

5

22. Plaintiff has been damaged by the diversion of its profits to Defendants and damaged as to the distinctiveness of Plaintiff's marks.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the remedies provided under Sections 37of the Lanham Act (15 USC 1119) including cancellation of registration No. 4,257,206 and any other relief the Court deems just and proper.

## COUNT IV
## COMMON LAW MARK INFRINGEMENT

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

23. The use and/or advertising of the infringing designation MEDIDERM by Defendants is likely to cause confusion or mistake among purchasers as to the source of the cosmetics goods with those of Plaintiff.

24. Defendants' deliberate and willful use and/or advertising of infringing designation MEDIDERM to identify the same, or related, goods and services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of Plaintiff's mark MEDIDERMA.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT V
## COMMON LAW MARK INFRINGEMENT

Plaintiff realleges the allegations set forth in paragraphs 1 through 15, inclusive.

25. The use and/or advertising of the infringing designation MEDIDERM by Defendants is likely to cause confusion or mistake among purchasers as to the source of the cosmetics goods with those of Plaintiff.

26. Defendants' deliberate and willful use and/or advertising of infringing designation MEDIDERM to identify the same, or related, goods and services is likely to cause confusion or mistake among purchasers as to the source and sponsorship of the goods and such acts of said Defendants constitutes common law infringement of Plaintiff's mark MEDI+DERMA.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

Plaintiff realleges the allegations in Paragraphs 1 through 15, inclusive, as if fully set forth herein.

27. The conduct of Defendants violates Florida's common law unfair competition laws.

28. WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, compensatory damages and punitive damages, accounting and lost profits, and any other relief the Court deems just and proper.

## COUNT VII
## **UNJUST ENRICHMENT**

Plaintiff realleges the allegations in Paragraphs 1 through 15, inclusive, as if fully set forth herein.

29. The acts of Defendants complained of herein constitute unjust enrichment of the Defendants at Plaintiff's expense in violation of the common law.

30. Defendants profited unjustly from their unauthorized and unlicensed use of the infringing designation MEDIDERM for cosmetics.

31. Retention by the Defendants of the profits they derived from their unauthorized use of infringing designation MEDIDERM for cosmetics would be inequitable.

32. Defendant's unauthorized and unlicensed use of infringing designation MEDIDERM for cosmetics has damaged Plaintiff in an amount to be proven at trial, and Defendants should disgorge their ill-gotten profits.

33. As a direct result of Defendants' actions, Plaintiff has suffered and continues to suffer irreparable harm for which Plaintiff has no adequate remedy at law, and which will continue unless Defendant's actions are enjoined.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant preliminary and permanent injunctive relief, accounting and disgorgement of Defendants' profits, and any other relief the Court deems just and proper.

**For All Causes of Action:**

Plaintiff respectfully requests this Honorable Court to grant general damages in the sum of at least $75,000 together with interest thereon at the rate of provided by law from and after such dates as may be proven at trial.

**JURY DEMAND**

Plaintiff Sesderma S.L. requests trial by jury for all issues so triable.

Dated: December 20, 2017        Respectfully submitted,

/Christian Sanchelima/
Christian Sanchelima, Esq. (Fla. Bar No. 107751)
chris@sanchelima.com
Sanchelima & Associates, P.A.
235 S.W. Le Jeune Road
Miami, Florida 33134
Telephone: (305) 447-1617
Facsimile: (305) 445-8484
Attorneys for Plaintiff

## VERIFICATION

I, Gabriel Serrano, declare as follows:

I am the founder and chairman of Sesderma S.L. and I am authorized to make this verification on its behalf.

I have read the foregoing VERIFIED COMPLAINT and I am familiar with its contents. The matters stated therein are true to the best of my knowledge, information, and belief.

Executed on  November  22, 2017

I declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct.

_____
Gabriel Serrano